PER CURIAM.
This is a wife’s appeal from a final judgment of dissolution awarding alimony and making other property divisions. The sole point on appeal is that the court erred in denying the wife’s claim for a special equity in the husband’s podiatry practice. The wife was awarded a reasonable amount of permanent alimony, and the division of the assets seems reasonable. The husband agreed to maintain the wife as a beneficiary of his life insurance policies. The concepts of equitable distribution and special equities as enunciated by the Florida Supreme Court do not require a finding of an abuse of discretion or misapplication of the law. As stated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980):
The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent, of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently.
The denial of the wife’s request for a special equity, when viewed in light of all other aspects of the final judgment, was not an abuse of discretion. The final judgment below is affirmed.
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., and SMITH, RUPERT J., Associate Judge, concur.